Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8665 | **DATE** | 1/23/2012 |
| **CASE TITLE** | George Tolbert vs. William T. O'Brien, et al | | |

**DOCKET ENTRY TEXT**

Plaintiff George Tolbert's motion for leave to proceed *in forma pauperis* [5] is denied and the case is dismissed without prejudice because Tolbert failed to advise the court that he had "struck out" under 28 U.S.C. § 1915(g). Having brought this action, Tolbert remains obligated to pay the full filing fee. The trust fund officer at Tolbert's place of confinement is directed to make deductions from his account in accordance with this order. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff George Tolbert, a pretrial detainee in custody at the Cook County Jail, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis*. The motion is denied because Tolbert has accumulated at least three "strikes" under 28 U.S.C. § 1915(g) and because this suit does not fall within the exception in § 1915(g) for suits alleging that the prisoner "is under imminent danger of serious physical injury."

The Prison Litigation Reform Act of 1995 (PLRA) provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). At least three of Tolbert's previous lawsuits have been dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Tolbert v. Area Three Mission*, No. 99 C 2297 (N.D. Ill.); *Tolbert v. Michael Sheahan*, No. 95 C 6396 (N.D. Ill.); *Tolbert v. W. Ill. Corr. Ctr.*, No. 95 C 4132 (N.D. Ill.). In fact, Tolbert has expressly been advised on several occasions that he has already "struck out." *See Tolbert v. Godinez*, No. 07 C 1573, Doc. 7 (N.D. Ill. Mar. 30, 2007) (citing cases). Despite being so advised, Tolbert sought leave to proceed *in forma pauperis* in this case without disclosing his § 1915(g) status to the court.

Tolbert's effective "fraud" on the Court must "lead to immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). His application to proceed *in forma pauperis* is denied, and this case is dismissed without prejudice. Still, Tolbert remains obligated to pay the full filing fee. *See ibid.*; *Ammons v. Gerlinger*, 547 F.3d 724, 726 (7th Cir. 2008) Moreover, before pursuing any future litigation not falling within the "imminent danger of serious physical injury" exception and not involving a habeas corpus challenge, Tolbert must pay all outstanding docket fees. *See Ammons*, 547 F.3d at 726; *Sloan*, 181 F.3d at 859.

The trust fund officer at Tolbert's place of confinement (Cook County Jail) is authorized to deduct $35.59 from his account and pay it to the Clerk of Court. The trust fund officer is directed then to collect monthly payments

| STATEMENT |
|---|
| from Tolbert's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Tolbert's name and the case number assigned to this action. Tolbert shall remain responsible for this filing fee obligation, and Cook County Jail officials shall notify transferee authorities of any outstanding balance if he is transferred. |